Civil Action No. 7:25-cv-00095

# Exhibit "B"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back          Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-0490-25-M

| | |
|---|---|
| Juan Luis Webber VS. Home Depot USA, Inc. dba Home Depot, Herman Roque Ochoa | § § § § § |

| | |
|---|---|
| Case Type: | **Injury or Damage - Other (OCA)** |
| Date Filed: | **01/30/2025** |
| Location: | **476th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Home Depot USA, Inc. dba Home Depot** | |
| Defendant | **Ochoa, Herman Roque** | |
| Plaintiff | **Webber, Juan Luis** | **RAYMOND L. THOMAS** *Retained* 956-632-5033(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 01/30/2025 | Original Petition (OCA) | | |
| 01/31/2025 | Citation | | |
| | Home Depot USA, Inc. dba Home Depot | Served | 02/05/2025 |
| | | Returned | 02/12/2025 |
| | Ochoa, Herman Roque | Served | 02/03/2025 |
| | | Returned | 02/04/2025 |
| 01/31/2025 | Citation Issued | | |
| 03/03/2025 | Defendant's Original Answer | | |
| | *THE SPECIAL EXCEPTIONS* | | |
| 03/03/2025 | Motion for Docket Control Conference, Filed | | |
| 03/03/2025 | Proposed Order | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 03/04/2025 | Sent to Workflow Queue | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 03/04/2025 | Order Setting DCC, Signed | | |
| | *TELEPHONIC* | | |
| 03/04/2025 | Notice Sent | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 05/14/2025 | Docket Control Conference Hearing/Telephonic  (2:00 PM) (Judicial Officer Lopez-Singleterry, Nereida) | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Home Depot USA, Inc. dba Home Depot | | | |
| | Total Financial Assessment | | | 10.00 |
| | Total Payments and Credits | | | 10.00 |
| | **Balance Due as of 03/04/2025** | | | **0.00** |
| 03/04/2025 | Transaction Assessment | | | 10.00 |
| 03/04/2025 | EFile Payments from TexFile | Receipt # DC-2025-003520 | Home Depot USA, Inc. dba Home Depot | (10.00) |
| | | | | |
| | **Plaintiff** Webber, Juan Luis | | | |
| | Total Financial Assessment | | | 376.00 |
| | Total Payments and Credits | | | 376.00 |
| | **Balance Due as of 03/04/2025** | | | **0.00** |
| 01/30/2025 | Transaction Assessment | | | 376.00 |
| 01/30/2025 | EFile Payments from TexFile | Receipt # DC-2025-001611 | Webber, Juan Luis | (239.00) |
| 01/30/2025 | State Credit | | | (137.00) |

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff JUAN LUIS WEBBER files this Original Petition complaining of Defendants HOME DEPOT USA, INC. dba HOME DEPOT and HERMAN ROQUE OCHOA and would show the Court the following:

### I.
### DISCOVERY LEVEL

1.    Plaintiff intends that discovery be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### STATEMENT OF MONETARY RELIEF

2.    In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary damages over $1,000,000.00.

### III.
### PARTIES

3.    Plaintiff Juan Luis Webber is an individual residing in San Juan, Hidalgo County, Texas.

4.    Defendant Home Depot USA, Inc. dba Home Depot ("Home Depot") is a corporation having its principal office in Atlanta, Georgia. This Defendant may be served with process by serving its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at its registered address, 211 W. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

5.     Defendant Herman Roque Ochoa ("Ochoa") is an individual residing in McAllen, Hidalgo County, Texas. This Defendant may be served with process by serving him at his residence at 2331 N. 36th Lane, McAllen, Texas 78501, or wherever he may be found.

**IV.**
**JURISDICTION AND VENUE**

6.     Venue is proper in Hidalgo County, Texas because all or a substantial part of the events, acts or omissions giving rise to Plaintiff's claims occurred in Hidalgo County, Texas and because at least one defendant – Defendant Ochoa – resides in Hidalgo, County, Texas.

7.     This Court has jurisdiction over the parties and the subject matter of this lawsuit based on the facts alleged herein, and because the damages exceed the minimum jurisdictional limits of the Court.

**V.**
**FACTUAL BACKGROUND**

8.     On or about January 9, 2024, at approximately 12:02 p.m., Plaintiff and his spouse were invitees on the premises owned, operated, and/or maintained by Defendant Home Depot. The store visited by Plaintiff and his wife is located at 409 N. Jackson Road, Pharr, Hidalgo County, Texas 78501 ("Home Depot #506).

9.     On the day of the incident, Plaintiff and his wife were shopping for fire alarms at Home Depot #506. Plaintiff asked an employee of Home Depot #506 where to find the fire alarms and then proceeded to the aisle and area where the employee said the fire alarms could be found.

10.     Plaintiff was standing next to his wife as she was browsing through the shelves of fire alarms. Suddenly, unexpectedly, and without any warning whatsoever, a large heavy box fell on Plaintiff from an unsecured upper-level shelf, striking Plaintiff's head, neck and shoulder causing him to fall and hit the hard floor, causing him serious injury.

11.     Home Depot #506 is laid out similar to a warehouse with sky shelving (extra tall shelving) used by some box stores to maximize storage and make the sales floor look full. However, use of sky shelving increases the risk of harm from falling merchandise. Defendants are well aware of the danger posed by falling merchandise. Retail industry

standards and Home Depot policies require merchandise to be secured, particularly on higher shelves. Defendant Home Depot owed Plaintiff a duty of care to provide invitees like Plaintiff with a safe environment and to secure merchandise from falling. Here, Defendant breached its duty of care to Plaintiff.

12.    At a minimum, Defendant failed to restrain merchandise with safety devices such as retainer bars, rails, banding, shrink-wrap, fencing, wire or similar restraints; failed to limit the height of stacked merchandise; failed to provide adequate safety training to its employees; and failed to enforce its own safety policies. In addition, some force is likely to have caused the large box to fall from the shelf onto Plaintiff's head, neck and body. The likely source of the force is another employee re-stocking in an unsafe manner or use of heavy equipment, such as a forklift to move merchandise on the other side of the aisle.

13.    Defendant Home Depot is acutely aware of the extreme risk of harm. Every year, hundreds of people are injured from falling merchandise in their stores. Defendant Home Depot was aware or should have been aware of the unreasonably dangerous condition that caused injury to Plaintiff, yet made no efforts to reduce or eliminate the unreasonably dangerous condition. Nor did Defendant Home Depot warn Plaintiff about the dangerous condition.

14.    The heavy falling box struck Plaintiff, causing him to fall to the ground. Defendant Ochoa, believed to be a supervisory level employee at Home Depot #506, was on scene and saw Plaintiff lying on the ground and in agony. Plaintiff and his wife pleaded for help, but Defendant Ochoa failed and refused to offer any help whatsoever. As a supervisor and/or employee of Home Depot #506, Defendant Ochoa owed Plaintiff a duty of care to render aid for the injuries sustained by Plaintiff in the store. That duty of care includes but is not limited to calling 911 or calling for emergency medical services and providing first aid and comfort. Defendant Ochoa failed to do any of these things. Instead, Defendant Ochoa refused to contact 911 or call for emergency medical services even though he was begged to do so. Plaintiff and his wife were unable to call because cellular service was not accessible to them inside Home Depot #506. Defendant Ochoa required Plaintiff to move and wait outside for emergency care. As a result of Defendant Ochoa's callous inattention and failure to render aid, precious time was lost. The movement of Plaintiff from the place of injury to outside on

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

the curb where he was told to wait in all reasonable probability had the effect of aggravating Plaintiff's injuries. At a very minimum, Defendant Ochoa's refusal to call for emergency medical services, his refusal to provide any first aid or comfort, and his instruction for Plaintiff to move and wait outdoors for first responders caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced had Defendant Ochoa not breached his duty of care.

15.     As a direct and proximate result of the impact from the large heavy falling box and the aggravation of injuries and increase in pain, suffering and torment caused by Defendant Ochoa's refusal to render aid, Plaintiff suffered severe and permanent personal injuries and damages.

## VI.
## PREMISES LIABILITY

16.     Defendant Home Depot owed a duty to Plaintiff to exercise reasonable care in the activities Defendant Home Depot was engaged in on Defendant Home Depot's premises. Plaintiff was an invitee, as defined by Texas law. Defendant Home Depot was the possessor of the premises where Plaintiff was injured. Plaintiff was injured due to an unreasonably dangerous condition of the premises. Defendant Home Depot breached its duty of ordinary care to Plaintiff by:

    a) creating a dangerous condition with regard to falling merchandise;
    b) maintaining a dangerous condition with regard to falling merchandise;
    c) failing to adequately warn Plaintiff of the dangerous condition;
    d) failing to make the premises reasonably safe; and
    e) breaching Defendant's duty to use ordinary care to make safe or warn about any concealed, unreasonably dangerous premises condition that Defendants were not aware of, or reasonably should have been aware of, and the Plaintiff was not.

17.     Each of the above-mentioned acts or omissions by Defendant Home Depot were a proximate cause of Plaintiff's injuries and damages.

## VII.
## NEGLIGENCE OF DEFENDANT HOME DEPOT

18.     The impact of the heavy falling box and resulting injuries and damages to Plaintiff were proximately caused by the negligent acts and omissions of Defendant Home

**C-0490-25-M**

Depot, including but not limited to:

a) Failing to properly secure merchandise;

b) Failing to provide proper training to Home Depot's employees with regard to securing merchandise;

c) Failing to provide proper training on attending to invitees who become injured on the premises;

d) Failing to close off areas where work is being performed;

e) Failing to provide proper supervision for those restocking merchandise;

f) Failing to keep the premises reasonably safe for customers, including Plaintiff;

g) Failing to regularly and reasonably inspect the premises for unreasonably dangerous conditions;

h) Failing to properly train Home Depot employees to inspect, spot, mitigate and warn of unreasonably dangerous conditions, especially with regard to falling merchandise;

i) Failing to establish, maintain and enforce safety policies and procedures to secure merchandise;

j) Failing to warn Plaintiff of the unreasonably dangerous conditions of which Defendant Home Depot had actual or constructive knowledge; and

k) Permitting a dangerous condition, of which Defendant Home Depot knew or should have reasonably known to exist for an unreasonable period of time.

## VIII.
## <u>NEGLIGENCE OF DEFENDANT OCHOA</u>

19. As an employee of Defendant Home Depot #506, particularly of a supervisory level, Defendant Ochoa owed a duty of care to render aid to Plaintiff who was injured while shopping at the store. Defendant Ochoa breached his duty of care by failing and refusing to call 911 or for emergency medical services, by failing and refusing to provide first aid or comfort to Plaintiff, by requiring Plaintiff to move outside to wait for emergency medical care. Defendant Ochoa's failure and refusal to render aid to Plaintiff and his instruction for

B-2

C-0490-25-M

Plaintiff to be moved outside to wait for emergency medical services caused harm to Plaintiff, including more pain and suffering and more mental torment than what would have otherwise been experienced had Defendant Ochoa timely rendered aid. Defendant Ochoa's conduct in all reasonable probability aggravated Plaintiff's injuries. Therefore, Defendant Ochoa's acts and omissions were a proximate cause of Plaintiff's injuries and damages for which he is personally liable.

20.    At the time of the incident, Defendant Ochoa was the agent, representative, servant, employee, or statutory employee of Defendant Home Depot, and at all relevant times was acting within the course and scope of his employment. Defendant Home Depot is vicariously liable for the negligent acts and omissions of Defendant Ochoa and for the injuries and damages to Plaintiff.

## IX.
## GROSS NEGLIGENCE OF DEFENDANT HOME DEPOT

21.    Each year, hundreds of people are injured at Home Depots across the country, many of them by falling merchandise. To be sure, the extreme hazard posed by merchandise falling from Home Depot's sky shelving is so well known to Home Depot – and the entire big box retailer industry – that extensive literature, videos, training materials, policies, procedures, even OSHA regulations have been promulgated to address and mitigate this grave risk of injury and death. In light of Home Depot's long and extensive history of claims and adverse jury verdicts arising from injuries due to falling merchandise and the vast safety information and remedies available to mitigate the known risk, Defendant Home Depot's acts and omissions that led to Plaintiff's injury constitute gross negligence. Defendant Home Depot's acts and omissions, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which Defendant Home Depot had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff. As a result, Plaintiff seeks exemplary damages.

B-2

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0490-25-M

## X.
## DAMAGES

22.     Plaintiff suffered severe and permanent personal injuries as a proximate result of Defendants' acts and omissions. Plaintiff seeks to recover all actual and special damages recoverable by law, including past and future:

a)     medical expenses;
b)     physical pain and suffering;
c)     mental anguish;
d)     disfigurement;
e)     physical impairment;
g)     loss of consortium;
h)     loss of wages/income; and
i)     loss of earning capacity.

23.     Should it be shown that Plaintiff was suffering from any pre-existing injuries, disease or conditions at the time of the collision, Plaintiff would show that the same were aggravated or exacerbated by the trauma caused by Defendants' negligence.

## XI.
## CONDITIONS PRECEDENT/CAPACITIES

24.     All conditions precedent to recovery have been performed or have occurred. Plaintiff brings these claims in all capacities in which he is able to recover and in all capacities against Defendants in which they may be liable.

## XII.
## JURY DEMAND

25.     Plaintiff invokes his constitutional right to trial by jury and demands a jury trial.

## PRAYER

Plaintiff Juan Luis Webber prays that Defendants be cited to appear and answer, and after trial on the merits, Plaintiff recovers judgment against Defendants, jointly and severally, for his actual and special damages. Plaintiff also prays for exemplary damages (against Defendant Home Depot only), pre-judgment and post-judgment interest at the highest legal rate, court costs, and general relief.

Plaintiff's Original Petition                                                    Page 7 of 8

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Respectfully submitted,

By: _____
          Raymond L. Thomas
          State Bar No. 19865350
          rthomas@raythomaspc.com
          Olegario Garcia
          State Bar No. 24069759
          ogarcia@raythomaspc.com
          **RAY THOMAS, PC**
          4900-B North 10th Street
          McAllen, Texas 78504
          (956) 632-5033
          (956) 540-5631 (Fax)

          and

          Ezequiel Reyna, Jr.
          State Bar No. 16794798
          lsmiguel@zreynalaw.com
          dolivarez@zreynalaw.com
          alejan23@zreynalaw.com
          balaniz3@zreynalaw.com
          **LAW OFFICES OF**
          **EZEQUIEL REYNA, JR., P.C.**
          702 W. Expressway 83, Suite 100
          Weslaco, Texas 78596
          (956) 968-9556 Phone
          (956) 969-0492 (Fax)

          **ATTORNEYS FOR PLAINTIFF**

B-2

**C-0490-25-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER  VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____

**CECILIA PENA, DEPUTY CLERK**

B-3

**C-0490-25-M**
## OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ....................$_____

_____
**DEPUTY**
## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

B-3

C-0490-25-M
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HERMAN ROQUE OCHOA**
**2331 N 36TH LANE**
**MCALLEN TX  78501**
**OR WHEREVER HE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**CECILIA PENA, DEPUTY CLERK**

C-0490-25-M
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

Electronically Filed
1/31/2025 8:32 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents and attachments that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service, which includes our clerk's signature and the State Seal.  If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to the respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.


Sincerely,

*Laura Hinojosa*
Hidalgo County District Clerk


Post Office Box 87 Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251 districtclerk@co.hidalgo.tx.us

| Nilda Palacios | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Stephanie Palacios | Priscilla Rivas |
|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | BUDGET AND PROCUREMENT OFFICER | DIVISION MANAGER |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96825582
Filing Code Description: Service Issued
Filing Description:
Status as of 1/31/2025 8:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 1/31/2025 8:32:39 AM | SENT |

Electronically Filed
2/4/2025 9:11 AM
Hidalgo County District Clerks
Reviewed By: Cristina Garza

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | 476Th JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. DBA HOME DEPO AND HERMAN ROQUE OCHOA | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

"The following came to hand on **Jan 31, 2025, 11:13 am**,

CITATION AND PLAINTIFF'S ORIGINAL PETITION,

and was executed at **2331 N. 36th Lane McAllen, Texas 78501** within the county of **Hidago** at **4:44 pm** on **February 03, 2025**, by delivering a true copy to the within named

HERMAN ROQUE OCHOA

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Norma Orozco**, my date of birth is **06/01/1973**, and my address is **15914 E Mile 19 Rd, Edinburg, TX 78542**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Hidalgo** County, State of **TX**, on **February 03, 2025**.

Norma Orozco
Certification Number: PCS-16209
Certification Expiration: 01-31-2027

B-6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 96943963
Filing Code Description: Notice
Filing Description: Return of Service of Herman Roque Ochoa
Status as of 2/4/2025 11:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/4/2025 9:11:14 AM | SENT |

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

C-0490-25-M
### 476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER VS. HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX 78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

CTH: 2/4/25
at 4:15 PM

CECILIA PENA, DEPUTY CLERK

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

IN THE 476TH JUDICIAL DISTRICT
**HIDALGO COUNTY, TEXAS**

CAUSE NO: <u>C-0490-25-M</u>

JUAN LUIS WEBBER
VS
HOME DEPOT USA INC., ET AL

# RETURN

Came to my hand: ____2/4/2025____ , at ___04:15___ o'clock ___P.M.___ , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition**
- **Jury Demand**

and executed by me on: __2/ 5 / 2025__ , at __3:22__ o'clock ___PM___ , at

<u>211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS,</u> by delivering to <u>HOME DEPOT USA, INC., dba HOME DEPOT,</u> by delivering to its registered agent, <u>CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY,</u> by delivering to __KANEISHA GROSS__ , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: KELLY MURSKI; PSC# 5912
Expiration Date: 10/31/2026

STATE OF TEXAS    }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this the __5th__ day of _____Feb_____ , __2025__ .

Notary Public

DANA L. McMICHAEL
ID #4738575
My Commission Expires
April 23, 2028

B-7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 97289276
Filing Code Description: Citation Returned Served
Filing Description:
Status as of 2/18/2025 11:56 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

### NO. C-0490-25-M

| | | |
|---|---|---|
| **JUAN LUIS WEBBER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT U.S.A., INC. dba HOME** | § | |
| **DEPO and HERMAN ROQUE OCHOA** | § | **476TH JUDICIAL DISTRICT** |

### THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* and **HERMAN ROQUE OCHOA**, ("Defendants"), Defendants in the above-entitled and numbered cause, and for their Special Exceptions and Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### SPECIAL EXCEPTIONS

1.    **Fair Notice**.    Defendants specially except the Petition for failing to provide a statement in plain and concise language of the Plaintiff's causes of action, and, pursuant to TEX. R. CIV. P. 45, request that Plaintiff be required to replead sufficiently to enable Defendants to prepare a defense.

2.    **Damages.**    Defendants specially except to the "damages" paragraphs of the Petition wherein Plaintiff seeks recovery for unspecified past and future medical expenses and lost earnings and loss of earning capacity, and, pursuant to TEX. R. CIV. P. 56, request that Plaintiff be required to itemize all special damages for which Plaintiff seeks recovery.   Of which special exception, Defendants pray judgment of the Court.

3.    **Relief**.        Defendants further specially except to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for all other and further relief to which Plaintiff

1.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

may be entitled.   Defendants are entitled to know the specific types of relief to which the Plaintiff

may be entitled at law or in equity; accordingly, this global claim for relief should be stricken or, in

the alternative, Plaintiff should be required to re-plead to specifically identify each type of damage

for which Plaintiff seeks recovery.  Of which special exception, Defendants pray judgment of the

Court.

## ORIGINAL ANSWER

Defendants in the above-entitled and numbered cause, file this Answer to the Plaintiff's

pleadings on file herein, and would respectfully show unto the Court as follows:

1.      **General Denial**.  Pursuant to Rule 92 of the Texas Rules of Civil Procedure,

Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's

pleadings filed herein, and demand strict proof thereof, as required by the laws of this State of

persons or entities who bring suit as the Plaintiff does in the instant case.

2.      **Medical/Health Care Expense Limitations**.  Defendants further allege, by way

of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. &

Rem. Code §41.0105, in addition to any other limitation under law, Plaintiff is limited to

recovery of medical or health care expense, if any, to the amount actually paid or incurred by or

on behalf of Plaintiff.

3.      **Certain Health Care Service Claims Barred**.  Defendants further allege by way

of affirmative defense, and without waiver of the foregoing, and to the extent that Plaintiff was

insured and entitled to health insurance benefits at any time relevant to this suit but chose,

instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally

incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff

2.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

failed to mitigate Plaintiff's damages, pursuant to Tex. Civ. Prac. & Rem. Code §146.003. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. Tex. Civ. Prac. & Rem. Code §146.001, et seq.

4. **Net Loss After Tax**. Defendants further allege, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §18.091, in addition to any other limitation under law, Plaintiff's recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, if any, is limited to the recovery of the net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

5. **Settlement Credits/Contribution Rights**. Defendants deny that Plaintiff is entitled to any recovery. However, to the extent any recovery is had by Plaintiff, such recoveries must be offset by any amounts received from joint tortfeasors or other Defendants. In the unlikely event that Defendants are found liable for any portion of Plaintiff's injuries, if any, Defendants are entitled to indemnity and/or contribution from each of the other Defendants and a percentage or pro-rata reduction of its liability to Plaintiff pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, the doctrine of comparative fault and/or any other applicable law. Further, Defendants pray for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to

3.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

any matter pertaining to the claims made herein by Plaintiff.

     6.      **Tex. Civ. Prac. & Rem. Code**.  Defendants further allege, plead and reserve, without waiver of the foregoing, each and every right entitled it pursuant to the Texas Civil Practice and Remedies Code, Chapters 32 and 33.

     7.      **Exemplary Damages**.   Defendants further allege, without waiver of the foregoing, that any recovery of exemplary damages herein is subject to CPRC §41.008, Limitation on Amount of Recovery.  Defendants further allege, without waiver of the foregoing, that any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

    A.  Such punitive damages are intended to punish and deter Defendants and thus this proceeding becomes essentially criminal in nature;

    B.  The Defendants are being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendants' right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

    C.  Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendants' right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendants under Article 1, Section 19 of the Texas Constitution; and

    D.  Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiffs Petition purporting to invoke such statutory and/ or common law theory is so vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

4.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

8.      **Notice of Intent to Use Documents**.  Pursuant to Rules 176.6(c) and 193.7 of the Texas Rules of Civil Procedure, Defendants give notice to all parties that the production of any document in response to written discovery by any party and non-party authenticates said document for use against that party and any other party in any pretrial proceeding or at trial.

9.      **Reservation to Amend**.  Defendants respectfully reserve the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendants have had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendants under the Rules of Civil Procedure and the laws of the State of Texas.

10.     Jury Demand.  Defendants respectfully request trial by jury.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendants, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* **and HERMAN ROQUE OCHOA**, having fully answered herein, pray that they go  hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendants may be justly entitled.

5.


Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
      Karen M. Alvarado
      State Bar No. 11067050
      kalvarado@brothers-law.com
      10333 Richmond, Suite 900
      Houston, Texas 77042
      Tel: (713) 337-0750
      Fax: (713) 337-0760
      service-alvarado@brothers-law.com *
      *All service pursuant to TRCP 21 on Ms. Alvarado
      must be to this email or it will be considered invalid*

      ***Attorneys for Defendants***

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 3rd day of March, 2025.

**VIA E-SERVICE**
Raymond L. Thomas
Olegario Garcia
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504

**VIA E-SERVICE**
Ezequiel Reyna, Jr.
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
      Karen M. Alvarado

6.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 97995449
Filing Code Description: Answer
Filing Description: THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS
Status as of 3/4/2025 10:15 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

**MOTION FOR TELEPHONIC DOCKET CONTROL CONFERENCE**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Juan Luis Webber files this Motion for Telephonic Docket Control Conference.

Plaintiff respectfully requests that this matter be set for a Telephonic Docket Control Conference for the purpose of setting this cause for trial.

WHEREFORE, Juan Luis Webber respectfully requests that this matter be set for a Telephonic Docket Control Conference.

Respectfully submitted,

By: _____

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

and

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court and served on all counsel on this 3RD day of March, 2025.



_____
Raymond L. Thomas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| Defendants | § | HIDALGO COUNTY, TEXAS |

**ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE**

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____, 2025, at _____ o'clock _____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of _____, 2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:    rthomas@raythomaspc.com
    Olegario Garcia:      ogarcia@raythomaspc.com
    Linda San Miguel:   lsmiguel@zreynalaw.com
    Desi Olivarez:         dolivarez@zreynalaw.com
    Karen M. Alvarado:   kalvarado@brothers-law.com
                           service-alvarado@brothers-law.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____MAY 14_____, 2025, at _____2_____ o'clock _____p_____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of _____03/04/2025____.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:     rthomas@raythomaspc.com
    Olegario Garcia:          ogarcia@raythomaspc.com
    Linda San Miguel:         lsmiguel@zreynalaw.com
    Desi Olivarez:            dolivarez@zreynalaw.com
    Karen M. Alvarado         kalvarado@brothers-law.com
                              service-alvarado@brothers-law.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |