IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | |
| | § | |
| VS. | § | Civil Action No. 7:25-cv-00095 |
| | § | |
| HOME DEPOT U.S.A., INC. dba | § | |
| HOME DEPO and HERMAN ROQUE | § | |
| OCHOA | § | JURY DEMANDED |

### DEFENDANT'S SUPPLEMENTAL BRIEFING

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, DEFENDANT, **Home Depot U.S.A., Inc.** (hereafter "Home Depot") in the above styled and numbered cause and files this Defendant's Supplemental Briefing pursuant to this Court's order to supplement Defendant's dispute of Plaintiff's alleged commission-based negligence theory in the context of improper joinder pursuant to Plaintiff's Motion to Remand.

### ARGUMENTS

**I.   Plaintiff's Pleadings and Motions Outlines a Negligent Undertaking Cause of Action**

Plaintiff asserts via *Plaintiff's Original Petition* that Defendant Ochoa is liable under a negligence cause of action. [Doc 1-2, ¶ 19-20]. Plaintiff's negligence assertion is:

> Defendant Ochoa breached his duty of care by failing and refusing to call 911 or for emergency medical services, by failing and refusing to provide first aid or comfort to Plaintiff, by requiring Plaintiff to move outside to wait for emergency medical care. Defendant Ochoa's failure and refusal to render aid to Plaintiff and his instruction for Plaintiff to be moved outside to wait for emergency medical services caused harm to Plaintiff, including more pain and suffering and more mental torment than what would have otherwise been experienced had Defendant Ochoa timely rendered aid. Defendant Ochoa's conduct in all reasonable probability aggravated Plaintiff's injuries.

*Plaintiff's Original Pleading*, [Doc 1-2, ¶ 19].

Plaintiff further expands on their rationale through *Plaintiff's Amended Motion to Remand* stating, "Ochoa affirmatively 'required' the already-injured Plaintiff 'to move and wait outside for

emergency care' and thereby 'caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced.'" [Doc 11, p. 7]. And to clarify, Plaintiff is not pleading that Ochoa caused the box to fall, but that Ochoa aggravated the injury when "Defendant Ochoa required Plaintiff to move and wait outside for emergency care.'" [Doc 11, p. 7] (quoting [Doc 1-2, ¶ 14]).

Plaintiff uses two cases in their Motion to Remand to substantiate their claim of a commission-based negligence theory: (1) *Del Lago Partners, Inc. v. Smith*, 307 S.W3d 762, 767 (Tex. 2010) and (2) *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). [Doc 11, p. 7]. Per Plaintiff's cited *Del Lago Partners, Inc.* parenthetical, "A duty may arise … when a person undertakes to provide services and the failure to exercise reasonable care increases the risk of harm."[1] And per Plaintiff's *Torrington* parenthetical, duty arises from "an affirmative course of action".[2] Although Plaintiff does not specifically assert a negligent undertaking cause of action in their original pleading, this is exactly what their Motion to Remand is alluding to. *See* [Doc 11, p. 7]; *see also* [Doc 1-2]. This attempt to re-categorize the cause of action is in vain and merely in the hope of finding some sort of way to break complete diversity of citizenship.

Either way Plaintiff attempts to argue, whether via an ordinary negligence cause of action or a negligent undertaking cause of action, the claim against Ochoa fails a Rule 12(b)(6)-type analysis. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004 (en banc)) ("The

---

[1] [Doc 11, p. 7]. Interestingly, this quote does not exist within the Del.Lago.Partners¿Inc¡.case. Instead, the page citation Plaintiff uses discusses duty allocated to premises owners when there is foreseeability of criminal third party actions. See.Del.Lago.Partners¿Inc¡, 307 S.W.3d at 767 (citing Timberwalk.Apartments¿Partners¿Inc¡.v¡. Cain, 972 S.W.2d 749, 753 (Tex. 1998) (holding that premises owners can be liable for criminal third party actions if those actions are foreseeable).

[2] [Doc 11, p. 7]. Once again, this is a non-existent direct quote; however, this is more in-tune with what Torrington.Co¡ holds. Torrington.Co¡, 46 S.W.3d at 837 ("While Texas law imposes no general duty to 'become [a] good Samaritan,' we have recognized that a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation.'").

court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.").

## II. Plaintiff Fails to Articulate a Colorable Negligent Undertaking Cause of Action

### A. Legal Standard

For a Plaintiff to be successful in a negligent undertaking cause of action, the essential elements are (1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection, (2) the defendant did not exercise reasonable care in performing those services, (3) the plaintiff relief on the defendant's performance or the defendant's performance increased the plaintiff's risk of harm, and (4) the defendant's negligence proximately caused the plaintiff's injury. *See Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 151 (Tex. 2022); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013); *Torrington Co.*, 46 S.W.3d at 838.

The duty that is placed upon a defendant to act reasonably to prevent harm of another only arises if (a) there is a special relationship or (b) when a person undertakes to provide services to another, either gratuitously or for compensation. *Three Aces Towing, Inc. v. Landrum*, 653 S.W.3d 727, 728 (Tex. 2022); *Torrington Co.*, 46 S.W.3d at 837. There's no duty to be a Good Samaritan in Texas. *Id*.

### B. There is No Special Relationship Between Ochoa and Plaintiff.

Whether a special relationship exists is a matter of law. *Golden Spread Council, Inc. No. 562 of Boy Scouts of America v. Akins*, 926 S.W.2d 287, 292 (Tex. 1996); *see e.g., Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996) (special relationship between attorney and client); *Krishnan v. Sepulveda*, 916 S.W.2d 478, 482 (Tex. 1995) (special relationship between doctors and patients); *Howell v. City Towing Associates Inc.*, 717 S.W.2d 729, 732-33 (Tex. App.—San Antonio (1986)

(special relationship exists between contract carriers and passengers); *Applebaum v. Nemon*, 678 S.W.2d 533, 535 (Tex. App.—Houston [14th Dist.] 1984) (relationship exists between a child and the day care center to which the care of the child has been entrusted); *but see Garner v. McGinty*, 771 S.W.2d 242, 244 (Tex. App.—Austin 1989) ("[C]ourts have not characterized the occupier/entrant 'relationship as sufficiently special to warrant the imposition of a duty to safeguard against criminal activity'").

Plaintiff has not asserted a special relationship between Ochoa and Plaintiff to constitute a duty to render aid. *See* [Doc 11]. Plaintiff has also not asserted any argument, statutorily or through case law, that would potentially extend a special relationship between a store manager and an invitee. *Id*. Furthermore, Ochoa did not cause the box to fall onto Plaintiff, so he did not engage in any activity, contemporaneous or otherwise, to proximately cause the injuries that Plaintiff is asserting. *Id*; [Doc 1-2]. In essence, the relationship between Ochoa and Plaintiff is one of an individual to the general public. And there is no duty to undertake any action to prevent risk if the individual did not create the dangerous situation that proximately caused the injury. *United Rentals North America, Inc. v. Evans*, 668 S.W.3d 627, 639 (Tex. 2023). Ultimately, there was no special relationship, so there is no duty found in law for Ochoa to prevent harm to Plaintiff.

C.   ***No Duty Arose for Ochoa to Act Reasonably***

"[The Texas courts] have recognized that a duty arises when the defendant undertakes, gratuitously or for consideration, to render services that it knows or should know are 'necessary for the protection of other's person or things'". *Elephant Ins. Co.*, 644 S.W.3d at 151. "The critical inquiring concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist." *Id*. "[T]he duty is only implicated when the complained-of-undertaking is an affirmative course of

action; liability for negligent undertaking cannot be predicated on an omission. Nor can liability for negligent undertaking be predicated on a promise to render a service that is not accompanied by either performance or reliance on the promise by the injured party." *In re First Reserve Management, L.P.*, 671 S.W.3d 653, 660 (Tex. 2023).

In *Elephant Ins. Co.*, the spouse of a motorist in an accident was on the side of the street to take photographs of the accident as instructed by the insurance company, Elephant Insurance Company. *Id*. at 140. While on the side of the street, she was struck by another motorist, and the motorist sued Elephant Ins. Co. under a negligent undertaking theory. *Id*. at 140-141. The court looked at the chain of events to determine whether any actions arose to a degree to create a duty under negligent undertaking. *Id*. at 151. The first action of the insurance answering the phone and guiding the insured through the initial steps for an insurance claim "is not an action 'necessary' to 'protect' the insureds or their property from 'harm' … [n]or is an instruction to take photographs documenting existing damage". *Id*. at 151-152. Further, there was no evidence suggesting Elephant guided the insured through the process on how to take the photographs or when to take them. *Id*. Lastly, Elephant's employee did not offer any safety advice. *Id*.[3] The *Elephant Ins. Co.* court determined that there was no action that undertook necessary protective action, and the insured did not detrimentally rely on anything Elephant's employee said with regard to ensuring the safety of person or property. *Id*.

In *In re Luminant Generation Co. LLC*, plaintiffs pleaded that wholesale power generator companies were negligent, among other things, under a negligent undertaking theory when the loss of power caused damage during the 2021 winter storm. 2023 WL 8630982, at *2 (Tex.App.—Houston [1st Dist.] Dec. 14, 2023). The plaintiffs alleged a duty arose when the wholesale power

---

[3] The court also determined the omission of safety instructions or advice did not rise to the level of an undertaking. Id.

generators undertook to winterize, hire appropriate staff, secure adequate fuel, and warn plaintiffs of the likelihood of blackouts. *Id*. at *11. However, the court found these to also be omissions or failures, and the plaintiffs confirmed they were not affirmative courses of action. *Id*. The court found that although a plaintiff may plead multiple allegations that may conflict, "their artful pleadings cannot recast those alleged omissions to be otherwise." *Id*. at *12.

1.     *A duty of care did not arise when Defendant Ochoa allegedly failed and refused to call 911 or for emergency medical services.*

Plaintiff alleges Defendant Ochoa "failed and refused to call 911 or for emergency medical services". [Doc 1-2, ¶ 19]. As explained *supra*, there is no duty to render aid or protect others, unless there is a special relationship. *Howell*, 717 S.W.2d at 733. Just like the court found in *In re Luminant Generation Co., LLC*, Plaintiff here confirmed this not an affirmative course of action, but an omission. [Doc 11, pp. 8-10]. Thus, this is not an action that would create a duty under Texas law. Specifically, it is not an action made to protect Plaintiff from harm. Plaintiff also never alleges or implies that Ochoa promised to call 911. In fact, Plaintiff merely states that they had no cellular service to do it themselves. [Doc 1-2, ¶ 14]. Therefore, a duty of care cannot, under Texas law, arise from Defendant Ochoa allegedly failing and/or refusing to call 911 or for emergency medical services.

2.     *A duty of care did not arise when Defendant Ochoa allegedly failed and refused to provide first aid or comfort to Plaintiff.*

Plaintiff further alleges Defendant Ochoa breached his duty of care "by failing and refusing to provide first aid or comfort to Plaintiff". [Doc 1-2, ¶ 19]. Once again, this is not an affirmative course of action, but an omission. Notwithstanding the inappropriateness to assume Ochoa possesses proper medical experience to adequately provide first aid or the requisite knowledge to

provide comfort, he did not cause the injury and does not have a duty to render aid to Plaintiff. Thus, a duty of care cannot, under Texas law, arise from Defendant Ochoa allegedly failing and/or refusing to provide first aid or comfort to Plaintiff.

3.  ***A duty of care did not arise when Defendant Ochoa allegedly required Plaintiff to move outside to wait for emergency medical care.***

The first element of negligent undertaking reads: "the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection". *Nall*, 404 S.W.3d at 555. The critical inquiry concerning the duty element of a negligent undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist. *Nall*, 404 S.W.3d at 555. Defendant Ochoa works for a home improvement store called Home Depot. [Doc 1-2, ¶ 5]. He did not cause the boxes to fall onto Plaintiff. *Id*. at ¶¶ 8-15. Plaintiff alleges that Ochoa was on the scene and refused to call 911 or provide first aid but instead, told him to leave. *Id*.

Knowledge here is important, as it is paramount to the first element of negligent undertaking. Ochoa, being an employee at Home Depot, is not the employee of a medical professional, nor does Plaintiff allege or imply that he is knowledgeable in medical services. Plaintiff does not assert or imply that Ochoa would have known that his allegedly telling Plaintiff to wait outside was necessary for Plaintiff's health. Instead, Plaintiff's pleadings attempt to artfully paint the picture of someone who is uncaring and in Plaintiff's words, "callous inattention". [Doc 1-2, ¶ 14]. If one takes Plaintiff's petition as fact, one will come to the determination that Ochoa was not undertaking to do anything because he believed being in the store or out of the store provided any additional protection to the Plaintiff.  Ochoa doesn't possess such medical training

(nor has Plaintiff produced an expert to suggest that Plaintiff staying in the store or leaving the store had any impact on his physical wellbeing).

## CONCLUSION

Because there was no affirmative course of action taken by Defendant Herman Roque Ochoa with the knowledge that it was necessary to protect Plaintiff, there was no duty of care that arose under any theory of negligence, including negligent undertaking.

WHEREFORE, Defendant **HOME DEPOT U.S.A., Inc.**, respectfully submits this *Defendant's Supplemental Briefing* as requested by court order to further address Plaintiff's asserted commission-based negligence in their attempt to improperly join Defendant Herman Roque Ochoa. Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:   */s/ Karen M. Alvarado*
Karen M. Alvarado
State Bar No. 11067050
Federal ID: 10880
kalvarado@brothers-law.com
10333 Richmond, Suite 900
Houston, Texas 77042
Tel: (713) 337-0750
Fax: (713) 337-0760
service-alvarado@brothers-law.com
*All service pursuant to TRCP 21 on Ms. Alvarado must be to this email or it will be considered invalid

*Attorney for Defendant, Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this 5th day of June 2025.

**VIA E-SERVICE**
Raymond L. Thomas
rthomas@raythomaspc.com
Olegario Garcia
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504

*Attorneys for Plaintiff, Juan Webber*

**VIA E-SERVICE**
Ezequiel Reyna, Jr.
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596

*Attorneys for Plaintiff, Juan Webber*

**VIA E-SERVICE**
Chad Flores
**FLORES LAW PLLC**
917 Franklin Street, Suite 600
State Bar No. 24059759
Fed. Id. No. 1060324
Houston, Texas 77002
cf@chadflores.law

*Attorneys for Plaintiff, Juan Webber*

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:   */s/ Karen M. Alvarado*
      Karen M. Alvarado